MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY v. ANNA M. NICOLIN and Others.

May 19, 1899.

Nos. 11,532—(95).

**Railway—Track to Gravel Pit—Eminent Domain.**

A railway company is authorized by G. S. 1894, §§ 2645, 2646, to acquire land by condemnation for a right of way for a spur track from its main line to its gravel pit, for the purpose of obtaining necessary gravel to enable it to safely maintain and operate its railroad. Such a taking of land is for a public purpose or use.

Petition in the district court for Scott county to condemn a right of way over land of Anna M. Nicolin and Henry Nicolin, her husband. From an order, Cadwell, J., granting a motion to dismiss the petition, petitioner appealed. Reversed.

*Albert E. Clarke,* for appellant.

Counsel cited Weir v. St. Paul, S. & T. F. R. Co., 18 Minn. 139 (155); In re New York, 77 N. Y. 248; New York v. Metropolitan, 63 N. Y. 326; Getz's Appeal, 3 Am. & Eng. Ry. Cases, 186; Chicago v. Wilson, 17 Ill. 122; Bigelow v. Draper, 6 S. D. 152; Saginaw v. Bordner, 108 Mich. 236; Cotton v. Mississippi & R. R. Boom Co., 22 Minn. 372.

*H. J. Peck,* for respondent.

The test is whether the taking is for public use. Miller v. Troost, 14 Minn. 282 (365). Public use means use by the public. Lewis, Em. Dom. § 165. See West R. B. Co. v. Dix, 6 How. 507; Chicago,

B. & N. R. Co. v. Porter, 43 Minn. 527. If land to be used for this purpose can be condemned, land may be condemned for a gravel pit, a quarry, or a wood lot for ties may be condemned. See New York v. Gunnison, 1 Hun, 496; Jordan v. Woodward, 40 Me. 317; In re Niagara Falls, 108 N. Y. 375; Kettle River R. Co. v. Eastern Ry. Co., 41 Minn. 461; Lewis, Em. Dom. § 183. The statute is not susceptible of the construction sought to be placed on it. Beekman v. Saratoga, 3 Paige, Ch. 45. The application is only to condemn for temporary purposes, viz., to maintain the tracks so long as petitioner shall desire to obtain gravel. Where the legislature defines the interest which shall be taken, a less interest cannot be taken by condemnation. Currier v. Marietta, 11 Oh. St. 228; New York v. Kip, 46 N. Y. 546; State v. Hibernia, 47 N. J. L. 43; Hibernia v. De Camp, 47 N. J. L. 518; Roanoke v. Berkowitz, 80 Va. 616; In re Water Commrs., 96 N. Y. 351. There must be no uncertainty in the description of the property to be taken, or in the degree of interest to be acquired. In re Water Commrs., supra.

START, C. J.

A petition in this matter was filed in the district court of the county of Scott by the railroad company to condemn a right of way for an extension of its existing spur track to afford access to a gravel pit. The landowners appeared, and moved the trial court to dismiss the petition on the ground that it did not state facts authorizing the condemnation of the property; and from an order granting the motion and dismissing the petition the petitioner appealed.

The petition alleges, with other facts, the following: The petitioner is a railway corporation duly organized under the laws of this state, and owns and operates a line of railway from Minneapolis to Angus, Iowa, and a branch line from Hopkins to Morton, in this state. It conducts and carries on a large and important traffic as a common carrier in the transportation of passengers and freight. In order to maintain and operate its roadbed in a safe condition for the transaction of such business, it is a necessity that the petitioner should have access to gravel pits; gravel being a necessity for ballasting its tracks, and keeping its roadbed in a safe

condition for use. The petitioner has no gravel nearer than Pilot Mound, Iowa, distant 238 miles from Minneapolis. In order to obtain a supply of gravel for use upon its roadbed, the petitioner has secured the right to remove gravel from a gravel pit in Scott county, and now has and operates a spur track from its main line to a point less than 300 feet distant from such gravel pit. To reach the gravel pit, however, it is necessary to extend the existing spur track over the land of the respondent, Anna M. Nicolin, 284 feet, with whom the petitioner has made an unsuccessful effort to agree for the right to use the land required for such extension.

If these facts show that the proposed taking is for a public purpose or use, and there is legislative warrant for the taking, the order of the trial court was wrong; otherwise, right.

1. It is maintained on behalf of the landowner that the proposed taking is not for a public purpose or use, but for the sole benefit of the stockholders of the company, and for the benefit of their property, and further that, if land can be condemned for the proposed use, then there is no reason why the company may not condemn land for a gravel pit or ties or stone or fuel.

None of the suggested cases is in point, except the taking of land by the exercise of the power of eminent domain for a gravel pit. Whether land may be taken for the latter purpose, we do not decide, because the taking in this case is only for a right of way to the petitioner's gravel pit. Lumber, ties, stone, and fuel are all necessary to the construction, maintenance, and operation of a railway; but each of them may be purchased in the open market, and usually within a reasonable distance of the place where it is to be used. Gravel, however, is not an article of general commerce. It cannot be purchased in the market in quantities required by railroad companies, yet it is indispensable to the maintenance and safe operation of their roadbeds. To obtain it, they must go where nature has placed it; hence gravel pits are practically and essentially adjuncts to the roadbed of a railway, and the taking of land by a railway company for a right of way from its roadbed to its gravel pit for the obtaining of gravel for the safe maintenance of its railroad is a taking for a public purpose. A taking of land for such a purpose differs only in degree from a taking for a right of

way to its roundhouse or machine shop. A taking is no more for the sole benefit of the stockholders in the one case than in the other. In this particular case the object of acquiring the right of way is for the purpose of reducing the cost of maintaining the road-bed of the petitioner. This is a purpose which directly affects the public, for the cost of maintaining and operating a railway is a material matter in determining the rate a railway company may legally charge for the transportation of passengers and freight.

2. Is there legislative warrant for the proposed taking? The trial court answered the question in the negative.

Authority for the petitioner to take land by condemnation for the purpose in question must be found, if at all, in the statute. If it is doubtful whether the statute confers the authority, the doubt must be resolved against the petitioner, no matter what the necessity of the case may be; for it is attempting to exercise one of the highest prerogatives a sovereign can delegate to a subject,—that is, the right to take the private property of the citizen against his will. The statute (G. S. 1894, § 2645) confers, in general terms, upon railroad companies, including the petitioner, the right to acquire any land by condemnation that may be necessary for the full enjoyment, use, and operation of its road; and section 2646 specifies the purposes for which the granted power may be exercised, in these words:

"The power to condemn hereby granted shall embrace all road-ways, spur and side tracks, rights of way, railroad crossings, depot grounds, yards, grounds for machine-shops, warehouses, elevators, station-houses, water-tanks and all other buildings and structures, rights, privileges, and easements necessary to the construction, or necessary or convenient to the operation, of any of said railroads; also all lands, rights, privileges, and easements that are or may become necessary or convenient to the full enjoyment, use, maintenance, and operation of any of said railroads."

This statute expressly declares that the granted power to condemn land shall embrace all spur and side tracks necessary and convenient to the full enjoyment, use, maintenance, and operation of any railroad. The allegations of the petition bring this case within the letter and spirit of the statute; for it alleges that the extension of the spur track in question is necessary in order to

76 M.—20

maintain and safely operate its railroad, and states facts showing such necessity. The statute authorizes the condemnation of land by the petitioner for the purpose stated in its petition.

It is further urged by the respondent that the proposed taking, as disclosed by the petition, is for a temporary purpose, and not such a taking as is authorized by law. The extent and duration of the interest the petitioner shall be permitted to acquire in the land may be determined by the court in its order appointing commissioners, and the damages assessed accordingly.

Order reversed.

CANTY, J.

I concur, but do not want it to be implied that a railroad company may not also condemn land to be used as a stone quarry for the purpose of obtaining stone to use in railroad construction. It is not practicable to purchase gravel in the open market. Gravel must be obtained at the nearest and most accessible points, so that it may be moved and handled at the least possible expense; otherwise, it would increase enormously the cost of railroad construction.